Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | | |
|---|---|---|
| PETER WILSON, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. 3:26-cv-106 |
| Plaintiff, | : : | |
| v. | : : | CLASS ACTION COMPLAINT TCPA (47 U.S.C. § 227) DEMAND FOR JURY TRIAL |
| CALL TOOLS, INC. | : : | |
| Defendant. | : : | |
| _____/ | | |

Plaintiff Peter Wilson (hereinafter referred to as "Plaintiff"), individually and on behalf

of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and

on information and belief, as follows:

### NATURE OF ACTION

1.      Telemarketing calls are intrusive. A great many people object to these calls,

which interfere with their lives, tie up their phone lines, and cause confusion and disruption on

phone records. Faced with growing public criticism of abusive telephone marketing practices,

Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105

Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response

to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace."  *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      This case involves a campaign by Call Tools, Inc. ("Defendant") to generate new customers for its call center software business through the use of telemarketing, despite not having the requisite consent to contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry.

Complaint

4.      Because telemarketing campaigns use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of proposed nationwide class of other persons who received similar calls.

5.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

6.      Plaintiff Peter Wilson is an individual citizen and resident of this district.

7.      Defendant is headquartered in Irvine, Orange County, California with an office in Beaverton, Oregon.

## JURISDICTION AND VENUE

8.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

9.      This Court has general personal jurisdiction over Defendant because it maintains one of its headquarters and principal places of business in this jurisdiction, in Washington County.

10.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), because Defendant is a resident of this District.

## TCPA BACKGROUND

11.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

Complaint

**A.     The TCPA prohibits calls to numbers on the National Do Not Call Registry.**

12.     The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

13.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

14.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

15.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.     The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.**

16.     The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

17.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

Complaint

18.     Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

19.     These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7). Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6). This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

**C.     The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.**

20.     The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

21.     The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

22.     A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

<u>**FACTUAL ALLEGATIONS**</u>

23.     Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

Complaint

24.    At no point has the Plaintiff sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing calls at issue.

<u>Calls to Plaintiff</u>

25.    Plaintiff's telephone number, 216-XXX-XXXX, is a residential telephone line.

26.    Plaintiff uses the telephone number for personal, residential, and household needs and reasons.

27.    The number is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

28.    Plaintiff's telephone number has been listed on the National Do Not Call Registry since he listed it there in 2007.

29.    Plaintiff has never been a customer of Defendant and never consented to receive calls from them.

30.    Despite this fact, the Plaintiff received at least five calls to his 216-XXX-XXXX telephone number from the Defendant in October 2025, from various caller IDs.

31.    The first call to Plaintiff was made by Defendant on October 16, 2025 at 11:06 am from caller ID (701) 658-8277.

32.    Plaintiff spoke with a representative of Defendant's company, "Kim," who tried to sell Plaintiff artificial intelligence software to monitor and automate Plaintiff's call center.

33.    Plaintiff told Defendant he did not have a call center, was not interested in Defendant's products and services, and to stop calling.

34.    Despite Plaintiff's request, Defendant called Plaintiff three more times on October 16 and once on October 23, 2025.

Complaint

35.    In each of the subsequent calls, Plaintiff spoke with a representative of Defendant who again tried to sell Plaintiff AI Software to monitor Plaintiff's call center.

36.    In each of the calls, Plaintiff told Defendant he did not have a call center, was not interested, and to stop calling.

37.    The calls all came from the following numbers. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of those dips are as follows:

| Number | CNAM Available? | CNAM Result | Carrier |
|---|---|---|---|
| 7016588277 | Y | JAMESTOWN ND | Onvoy |
| 3093241419 | Y | PEORIA IL | Exiant |
| 9347243073 | Y | MONTAUK PT NY | Nuso |
| 4156879218 | Y | SAUSALITO CA | Peerless |
| 8186886281 | Y | BURBANK CA | Onvoy |

38.    As the aforementioned chart shows, the CNAM transmitted by the Defendant's ultimate telephone carriers, provided CNAM functionality, but the CNAM functionality transmitted a geographic location, and not the Defendant's name or telemarketer's name.

39.    Each of the carriers here provide their customers the ability to set the CNAM result accurately to reflect their own name as desired, but if the customer does not elect such a CNAM, their default CNAM customer setting is to transmit the geographic location of the telephone exchange for the calling telephone number, and not the caller's name, as occurred here.

Complaint

40.    It is not possible to call any of these numbers back to lodge a Do Not Call request during regular business hours.

41.    None of the numbers play any messages, recordings, or other information telling callers how to opt out of receiving calls.

42.    As such, the caller ID information transmitted along with the text message calls did not transmit a telephone number that permits "any individual to make a do-not-call request during regular business hours."

43.    The calls were made to market goods and services, specifically, Defendant's call center services.

44.    Plaintiff received more than one telemarketing call in a 12-month period.

45.    Plaintiff's privacy has been violated by the above-described telemarketing calls.

46.    Plaintiff never provided his consent or requested these calls.

47.    The aforementioned calls to the Plaintiff were unwanted.

48.    The calls were non-consensual encounters.

49.    Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance.  In addition, the calls occupied their telephone lines, battery life, data, and storage space, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## CLASS ACTION ALLEGATIONS

50.    Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

51.    Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23, and Oregon Local Rule 23-2:

Complaint

**National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior to the filing of the Complaint.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text message calls in a 12-month period, (3) without the transmission of caller identification information that included either CPN or ANI and the Defendant or telemarketer's name, (4) within the four years prior to the filing of the Complaint.

**Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop or for a copy of Defendant's Do Not Call Policy and (5) within the four years prior to the filing of the Complaint.

Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

52.    The Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

53.    Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy.

54.    This Class Action Complaint seeks injunctive relief and money damages.

55.    The Classes as defined above are identifiable through dialer records, other phone records, and phone number databases.

56.    Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each of the Classes.

Complaint

57.    The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim.

58.    Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

59.    There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the claims predominate over questions which may affect individual class members because of the uniformity of the telemarketing conduct.

60.    There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

(a) whether multiple telemarketing calls were made promoting Defendant's goods or services to members of the Class;

(b) whether Defendant recorded or honored "do not call" requests of Plaintiff and members of the Internal Do Not Call Class;

(c) whether Defendant transmitted compliant caller ID information as required by law;

(d) whether the telemarketing calls at issue were made to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

(e) whether Defendant's conduct constitutes a violation of the TCPA; and

(f) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

61.    Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

Complaint

62.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

63.     The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.


**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(c)(5), et seq. and 47 C.F.R. § 64.1200(c))**
**on behalf of the National Do Not Call Registry Class**

64.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

65.     Defendant violated the TCPA and the Regulations by having their employees and agents make two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

66.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are each entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

67.     Plaintiff and National Do Not Call Registry Class members are each entitled to an award of treble damages if Defendant's actions are found to have been knowing or willful.

68.     Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the third parties that generate leads for Defendant from

Complaint

11

advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Telemarketing Caller ID Class)

69.    Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

70.    It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

71.    It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

72.    Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without transmitting the name of the telemarketer, despite such option for transmission of accurate CNAM information being available by its carrier, and without providing a CPN or ANI that allowed any individual to make a do-not-call request during regular business hours.

73.    These violations were willful or knowing.

74.    As a result of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

75.    Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

Complaint

### THIRD CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d))
### (On Behalf of Plaintiff and the Internal Do Not Call Registry Class)

76.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

77.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

78.    Defendant's violations were negligent, willful, or knowing.

79.    As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    Injunctive relief prohibiting Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future, or using non-compliant caller ID in the future.

B.    As a result of Defendant's negligent, willful and/or knowing violations of 47 U.S.C. 227(c)(5), Plaintiff seeks for himself and each member of the Classes up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

Complaint

C.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

D.    Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

DATED this 19th day of January, 2026.

s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
*Lead Attorney for Plaintiff and the Proposed Class*

Complaint

14